CAMPEAU *v.* HOBBS.

1. WASTE—WHEN CUTTING TREES WASTE.
   If trees be cut, not for sake of clearing land, but for sale, it is waste.

As to cutting timber for sale as waste, see annotation in 37 L. R. A. (N. S.) 772; 21 A. L. R. 1011.
On cutting timber as waste which may be enjoined, see annotation in 43 L. R. A. (N. S.) 262; L. R. A. 1917C, 236.

2. VENDOR AND PURCHASER—WASTE—TIMBER—RIGHT OF ACTION.
   Where vendee's assignee sold timber from land conveyed without consent of vendors, they had right of action against assignee and purchaser of timber for waste.

3. WASTE—TIMBER—MEASURE OF DAMAGES.
   Measure of damages for waste committed by cutting and selling timber is amount fair market value of property has been reduced by removal of timber.

4. VENDOR AND PURCHASER—EVIDENCE—GOOD FAITH—WASTE—TIMBER.
   In vendors' action against vendee's assignee and purchaser of timber for waste in cutting and selling timber, testimony as to assignee's statement that the reason he sold the timber was to get what he could before vendors took land back, and evidence of delinquent taxes and that vendors were awarded writ of restitution, held, admissible as bearing on assignee's good faith in selling timber.

5. DAMAGES—WASTE—TIMBER—EXCESSIVE VERDICT.
   Judgment for $500 for waste in cutting and selling $165 worth of timber from land sold on contract, held, not excessive, under proof submitted.

Error to Grand Traverse; Gilbert (Parm C.), J. Submitted April 15, 1932. (Docket No. 127, Calendar No. 35,230.) Decided June 6, 1932.

Case by Anna Campeau and others against Hershel L. Hobbs and others for waste committed on land sold under land contract. Verdict and judgment for plaintiffs. Defendants appeal. Affirmed.

*J. W. Patchin,* for plaintiffs.

*C. L. Dayton* and *Thomas D. Meggison,* for defendants.

SHARPE, J. The plaintiffs in 1929 were the owners of certain lands in Grand Traverse county, subject to a contract for the sale thereof, the interest of the

vendee in which had been duly assigned to the defendant Hershel L. Hobbs. In January of that year Hobbs sold to the defendant Earl A. Button all the standing timber thereon to be cut into block-wood and paid for at the rate of one dollar per cord; 165 cords were later cut and removed by Button and the other defendants, for which Hobbs received $165.

The vendee's contract above referred to contained the following provision:

"It is mutually agreed between said parties, that the said party of the second part shall have possession of said premises at once and shall keep the same in as good condition as they are at the date hereof, until the said sum shall be paid as aforesaid."

This action was brought by the plaintiffs to recover the damages sustained by them by the depreciation of the value of their real estate, caused by the cutting and removal of such timber. The defendants pleaded the general issue. Plaintiffs had verdict and judgment in the sum of $700. Defendants moved for a new trial. One of the reasons assigned therefor was that the verdict was excessive. The court so found, and entered an order that a new trial would be granted unless plaintiffs remitted $200 thereof, which they did. Defendants have appealed.

In their brief defendants' counsel say:

"There were but two issues to be decided:

"*First:* Did Hershel L. Hobbs have a right to sell to defendant Earl Button the wood?

"*Second:* If he did not have the right, what was the damage caused by the cutting the wood off of the lands?"

1. Counsel do not very seriously contend that under the terms of the contract Hobbs had any legal

right to dispose of this timber. When plaintiffs learned of it, their agent interviewed him as to whether he intended to make a payment on the principal and interest due under the contract, and was informed "that his reason for cutting the timber was to get what he could off the farm before we took it on the contract."

"If trees be cut, not for the sake of clearing the land, but for sale, it is waste." 27 R. C. L. p. 1029.

Clearly, the plaintiffs had the right to bring this action for damages for the waste committed.

2. Defendants' counsel insist that plaintiffs' damages were limited to the value of the timber removed. The trial court instructed the jury that plaintiffs were entitled to recover such an amount as the fair market value of the property had been reduced by the removal of the timber. In this we think he was clearly right.

"The damages for waste committed are usually measured by the injury actually sustained by the inheritance." 27 R. C. L. p. 1050.

3. The main contention of the defendants is that the court erred in the reception of evidence which caused the jury to render an excessive verdict. The court permitted plaintiffs' agent to testify to what Hobbs said to him, as above stated, and also permitted Hobbs to be cross-examined on the same subject. He also permitted evidence to be introduced showing the taxes delinquent on the land and the fact that in a proceeding before the circuit court commissioner plaintiffs, on July 29, 1929, were awarded a writ of restitution to recover possession of the property. This evidence was, we think, admissible as bearing on the good faith of Hobbs in selling the timber. Had his purpose in doing so

been to improve the land, the claim of waste could not have been sustained. The amount of the judgment entered was well within the proof submitted as to the damages sustained.

Judgment affirmed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.